■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. OTIS LENNON, Appellant.— Judgment of conviction rendered June 7, 1965, modified, on the law, to vacate conviction for assault in the second degree, and otherwise affirmed. Defendant was convicted of robbery in the first degree and assault in the second degree. The count for assault was based on an attempted rape. The testimony showed a completed rape. There was insufficient corroboration to sustain a conviction for a completed rape. Therefore this charge must fail. Vacating this count does not affect the validity of the conviction for robbery (*People* v. *English*, 16 N Y 2d 719; *People* v. *Pender*, 24 A D 2d 939). We have examined the other specifications of error and find them either without basis or not prejudicial. Concur — Steuer, J. P., Tilzer, McNally and Bastow, JJ.; Capozzoli, J., concurs in the following memorandum: It was error for the prosecution to adduce evidence that two knives were found on the person of the defendant at the time of his arrest, some four days after the commission

of the crime. (*People* v. *Zackowitz,* 254 N. Y. 192.) However, under all the circumstances of this case, no substantial right of the defendant was affected, especially in view of the fact that the trial court instructed the jury to disregard this evidence. (Code Crim. Pro., § 542.)